In the Matter of FRANK CAPUTO et al., Petitioners, *v.* ALBERT LACY et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Bayville, Respondents.

Supreme Court, Special Term, Nassau County, November 30, 1966.

*Sordi & Bottita* for petitioners. *Vincent J. Flanagan* for respondents.

FRANK A. GULOTTA, J. This article 78 CPLR proceeding seeks to annul a decision of respondent Board of Zoning Appeals which denied petitioners a permit to replace the walls and roof of an existing porch which had suffered some rot and decay.

Petitioners' theory is that they were at liberty to make these repairs as a matter of right since the porch antedated an ordinance of July 14, 1958, and its foundation was in no way changed during the course of repairs. The record is not clear as to just what provision of the ordinance made this a nonconforming dwelling, but apparently it involved the front yard setback requirements, and not a nonconforming *use* as erroneously stated in the board's decision, since there was no application to change the *use* from that of a one-family dwelling.

The proof adduced at the hearing, which was held pursuant to a previous order of this court, was overwhelmingly to the effect that petitioners did nothing to the porch to bring it any nearer to the street line after they purchased the property on October 23, 1963, and that its position is still as it was prior to July 14, 1958, except for the removal of some front steps which, of course, did not bring the dwelling nearer to the street.

Extended discussion in the minutes concerning a change in the roof line of the porch would seem to have been entirely irrelevant to the matter under consideration, and the slight, minimal, claimed extension of the porch to the side is of no consequence and merely nit-picking.

One thing that seems eminently clear from the two photographs in the record is that this is a far more presentable house in its present shape than it was before the repairs were made and it is hard to fathom why the permit was denied.

There is some intimation in the minutes that the board may have feared that the house may be used in the future as a multiple dwelling, but there are ample remedies to deal with such a situation should it occur.

Requiring this house to be restored to its former dilapidated state would appear to be arbitrary, unnecessary and capricious. The determination of the Zoning Board is annulled and the Building Inspector is directed to issue the permit.